UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DENNIS CORDOVA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LAKE COUNTY, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-00367-JSW   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 113 |

　　　　In ECF No. 113, Plaintiff Ricardo Cordova moves to compel on about 30 discovery requests. The parties agree they have never spoken with each other over the phone concerning these requests. The Court orders the parties to meet and confer by phone within 14 days. If they cannot resolve their dispute, they must file a joint discovery letter brief no later than February 24, 2022 describing the remaining items in dispute.

　　　　To aid the parties in their meet and confer, the Court is generally of the view that Defendant Lake County should produce any documents in its possession, custody or control concerning other instances when Defendant Deputy Sheriff Aaron Clark was accused of or did use excessive force, as Cordova has an excessive force claim against Clark. The parties differ tremendously on what happened when Cordova was arrested (*see* ECF No. 82, denying Clark's motion for summary judgment on the excessive force claim), and this evidence may help the trier of fact to decide who to believe. The Court also thinks that evidence of Clark's training concerning the use of force is relevant, as are any disciplinary measures that have been taken against him concerning the use of force, any documents concerning the incident at issue, and any documents about Cordova's injuries or medical treatment concerning the events at issue. Documents concerning Cordova's criminal prosecution seem too far afield from the evidence of

primary conduct that is relevant and probative in this civil case. Cordova is entitled to take reasonable discovery into his *Monell* claim against the County concerning how it updates its PRCS database (or other method by which the County tracks who is on parole), and he may also take discovery into the County's policies concerning the use of force and addressing injuries to arrestees. And he may take discovery into the records the County has about him.

To be clear, this order is not a ruling on the discovery requests at issue. Rather, it is the Court's experience that when the parties seem to be far apart on many discovery requests, a general indication about how the Court is likely to rule on various issues can clear out an impasse and help the parties to either narrow or resolve their dispute.

ECF No. 114 is similar to ECF No. 113. It concerns about 30 discovery requests, and the parties have not spoken to each other in a phone call about them. The Court believes that the guidance provided above should help the parties to have a meaningful meet and confer. Accordingly, the Court orders the parties to meet and confer about these discovery requests as well within 14 days. If they cannot resolve their dispute, they must file a joint discovery letter brief no later than February 24, 2022 describing the remaining items in dispute.

**IT IS SO ORDERED.**

Dated: February 3, 2022

THOMAS S. HIXSON
United States Magistrate Judge