1

2

3

4                                UNITED STATES DISTRICT COURT

5                              NORTHERN DISTRICT OF CALIFORNIA

6

7     RICARDO DENNIS CORDOVA,                    Case No.  18-cv-00367-JSW   (TSH)

8                     Plaintiff,

9            v.                                  **DISCOVERY ORDER**

10    LAKE COUNTY, et al.,                        Re: Dkt. No. 147

11                    Defendants.

12

13           Plaintiff Ricardo Cordova moves to compel a further deposition of Chief Probation Officer

14    Rob Howe of the Lake County Probation Department.  Defendants Deputy Sheriff Aaron Clark

15    and Lake County oppose.  ECF No. 147.  The Court **GRANTS** the motion and **ORDERS** that

16    Plaintiff may depose Howe in a second deposition not to exceed three and a half hours.

17           Rule 30 states that "[a]n objection" during a deposition "must be stated concisely in a

18    nonargumentative and nonsuggestive manner."  Fed. R. Civ. Proc. 30(c)(2).  In addition, "[a]

19    person may instruct a deponent not to answer only when necessary to preserve a privilege, to

20    enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  *Id*.  Judge

21    White's Standing Order further provides that "[s]peaking objections or those calculated to coach

22    the deponent are prohibited."  The Court finds that a further deposition of Howe is warranted

23    because of defense counsel's rampant misconduct during the deposition.

24           Only a few minutes into the deposition, defense counsel disrupted the proceeding by

25    picking a fight over whether Plaintiff's counsel could ask how Howe came to be appointed as

26    chief probation officer.  Under the plain language of Rule 30, if Defendants' counsel thought the

27    information was irrelevant, his remedy was to state a relevance objection.  Instead, he spent

28    several pages arguing with the questioning attorney and then ultimately instructed the witness not

United States District Court
Northern District of California

1  to answer.  Depo 14:17-18:9.  This conduct was improper.

2          Defense counsel also repeatedly instructed the witness not to answer based on meritless

3  invocations of the attorney-client privilege.  As a reminder, the privilege protects attorney-client

4  communications; non-privileged factual information does not become privileged merely because

5  you learned it from your attorney.  So, this is improper:

6          Q.  Got it.  Do you understand that my client, Mr. Ricardo Cordova,
           the plaintiff in this case, has sued Lake County for failing to update
7          his post-release community supervision status?

8          A.  That is my understanding.

9          MR. WHITEFLEET:  Lacks facts.  And – and hold on.  And to the
           extent that you have any information that's solely based on attorney-
10         client communications, you're to exclude that.  If you have no
           information outside attorney-client communications, then your
11         response is "I have no information."

12         A.  I have no information.

13  Depo 21:4-16.

14      So is this:

15         Q.   Are you aware, Mr. Howe, that Lake County has provided
           interrogatory responses in this case?
16
17         MR. WHITEFLEET:  Well, I'll object to the extent that you're asking
           for attorney-client communications.  You can respond to the extent
18         that you have any information outside those communications.

19         A.  No.  I don't believe I do.

20         BY MS. RICHEY:
           Q.   Are you aware that your name was listed in one of the
           interrogatory responses as providing information to answer one of the
21         interrogatories?

22         MR. WHITEFLEET:  Same objection.  Same instruction.  So you can
           respond to the extent that you have information outside any attorney-
23         client communications.

24         A.  No, I do not.

25  Depo 113:18-114:11

26      And this:

27         Q.  Are you aware that plaintiff Ricardo Cordova was on PRCS with
           Lake County sometime in 2015?
28

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MR. WHITEFLEET:  And you can answer that question to the extent you have any information outside the attorney-client communications.

A.  Then, no.

Depo 140:11-18.

In addition, throughout the deposition defense counsel constantly coached the witness with his objections, and most of the time the witness testified in line with the coaching.  For example, defense counsel did not want the witness to say what information is or is supposed to be entered in the case management system that is at the heart of this case, and the witness understood he was being coached to avoid giving definitive testimony on that point:

Q.  Do you know if a supervising probation officer would update the case management system to reflect an address change for someone on P – PRCS?

MR. WHITEFLEET: Objection.  Incomplete hypothetical.  Calls for speculation.  Vague as to time.  Assumes facts.

A.  It's simply my understanding that pertinent information gained from – from any source would be updated when reasonably practical when we know.

BY MS. RICHEY:
Q.  You said "pertinent information."  What would you consider pertinent information that would be updated in the case management system when it's reasonably practical to do so?

MR. WHITEFLEET: Objection.  Incomplete hypothetical.  Calls for speculation.  Vague as to time.

A.  Yeah.  Every scenario could be different.  I was speaking specifically what you just – the example you gave, a change of address.

BY MS. RICHEY:
Q.  So it's true that you consider a change of address pertinent information that should get updated in the case management system whenever it's reasonably practical to do so?

MR. WHITEFLEET: Objection.  Calls for improper opinion.  Overly broad.  Incomplete hypothetical.  Calls for speculation.

A.  Yeah.  Again, every situation's different.

BY MS. RICHEY:
Q.  It's a yes-or-no answer.

MR. WHITEFLEET:  No, Carrie.  You can't direct him to say yes or no.

3

1    A.  Yeah.  As I said, every – every situation's different.

2    BY MS. RICHEY:
3    Q.  Okay.  I'm just going to ask again in a different way.  What
     information do you believe, in your personal opinion, is pertinent
     information that should be updated in the case management system
4    whenever it is reasonably practical to do so?

5    MR. WHITEFLEET:  Objection.  Incomplete hypothetical.  Overly
     broad.  Calls for speculation.  Calls for improper opinion.  Assumes
6    facts.

7    A.  It's – it's very broad.  It could be any number of things, and a lot
     of it would be at the discretion of the probation officer knowing the
8    case.  So there's a lot of different things that could be pertinent.

9    BY MS. RICHEY:
     Q.  Can you share with me today in your deposition what "any number
10   of those things" are that you could be referring to?

11   MR. WHITEFLEET:  Same objections.

12   A.  Well, again, going back to your example, a change of address.

13   BY MS. RICHEY:
     Q.   Are there any other examples that you can think of in your
14   deposition today that would fall under the same category?

15   MR. WHITEFLEET:  Same objections.  Vague.

16   A.  Progress made by an individual.  Terms – any terms of things that
     would be pertinent.
17
     BY MS. RICHEY:
18   Q.  Okay.

19   A.   Every – every contact a probation officer might have with an
     individual could be different.
20
     Q.  Anything else?
21
     MR. WHITEFLEET:  Same objections.
22
     A.  No.
23
     BY MS. RICHEY:
24   Q.   Besides the information that you listed today during your
     deposition, you're not aware of any other pertinent information that
25   should be updated in the case management system whenever it's
     reasonably practical to do so?
26
     MR.  WHITEFLEET:   Objection.   It  misstates  testimony.
27   Argumentative.   Incomplete hypothetical.   Calls for speculation.
     Assumes facts.  Vague.
28

4

United States District Court
Northern District of California

1
2

A.  Yeah.  I didn't say what I listed was the only thing pertinent.  What I said was there could be any number of things and it's different for every case.

3
4

BY MS. RICHEY:
Q.   Is there anything else that you're willing to share, specific examples, today during your deposition.  I understand that there's multiple things, but I'm asking for specifics, specific items.

5
6

MR.  WHITEFLEET:   Objection.   Asked  and  answered. Argumentative as to willing to share.

7
8
9

BY MS. RICHEY:
Q.  Mr. Howe, is there anything else that you would consider pertinent information that should be updated in the case management system when it's reasonably practical to do so that you haven't already mentioned specifically during your deposition today?

10
11

MR. WHITEFLEET: Objection.  Incomplete hypothetical.  Calls for speculation.  Overly broad.  Vague as to time.  Asked and answered. Assumes facts.  Calls for improper opinion.

12

A.  Again, I do believe I gave you some specifics and my answer would still be it's case by case.  It could be any number of things.

13  Depo 76:24-81:14.  And while the above-quoted excerpt was among the worst examples of

14  coaching, and the willingness to be coached, the coaching occurred throughout the deposition.

15  E.g., Depo 23:2-22; 38:18-39:1; 39:16-25; 41:17-23; 58:20-59:1; 59:3-15; 71:1-13; 99:2-22;

16  108:10-24; 115:6-15; 118:6-121:4; 133:21-134:5; 137:16-138:5.

17          To be fair to the witness, there were a few instances when even aggressive coaching by

18  defense counsel failed to alter the witness's testimony.  E.g., Depo 63:4-18 ("Q.  How is Lake

19  County notified by the CDCR – sorry – by CDCR that they're receiving an individual under

20  PRCS?  MR WHITEFLEET:  Well, I'm going to object.  In – in the way it's phrased, in terms of

21  the county being notified, which implies the board.  So that's argumentative.  Assumes facts.  And

22  then the question itself is an incomplete hypothetical.  Overly broad.  Calls for speculation.  BY

23  MS. RICHEY:  Q.  You can answer.  A.  Again, in my discussions with Ms. Mondfrans, I've

24  learned that we receive emails from CDCR directly."); 75:23-76:6.

25          And there were other instances when the witness let himself be coached, only then to make

26  clear he understood the question and was able to and did answer it.  E.g., Depo 124:23-125:9 ("Q.

27  I am showing you, Mr. Howe, what has been marked as Exhibit 7.  Do probation officers at Lake

28  County go through Probation Officer Core Course training?  MR. WHITEFLEET:  Objection.

Vague as to time.  BY MS. RICHEY:  Q.  Are you going to answer?  A.  I think the objection's a good objection.  It is vague as to time.  Probation officers do attend Core Course sometime within the first year of employment."); 135:8-14 ("Q.  And do you interact with the frontline – frontline probation officers on any – on a regular basis?  MR. WHITEFLEET:  Objection.  Vague.  A. Yeah.  I did – it is vague.  I see them.  It's an office.  I see them very frequently.  We talk.").

At other times, defense counsel's objections, even if not coaching, were simply disruptive and frivolous.  E.g., Depo 24:12-18 ("Q.  Are you responsible for training probation officers that are in the probation department as the chief probation officer?  MR. WHITEFLEET:  Objection. Vague and argumentative as to the term 'responsible.'  May call for a legal conclusion.  Overly broad.  Vague as to the type of training."); 25:4-8 ("Q.  Do probation officers themselves have training requirements?  MR. WHITEFLEET:  Objection.  Vague.  Vague as to time.  Overly broad.  May call for a legal and/or expert testimony."); 34:8-13 ("Q.  Okay.  As the probation officer – as the chief probation officer, did you provide the materials to train the individual on PRCS?  MR. WHITEFLEET:  Objection.  Assumes facts.  Vague.  Argumentative."); 62:20-24; 68:16-21; 72:4-12.

The baseless instructions and objections, rampant coaching, and lengthy stretches of attorney argument that accompanied this misconduct substantially and improperly interfered with Plaintiff's ability to take this deposition.  Accordingly, the Court **ORDERS** that Plaintiff may depose Howe in a second deposition, not to exceed three and a half hours.

**IT IS SO ORDERED.**

Dated: May 12, 2023

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

6