1
2
3
4                      UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7     RICARDO DENNIS CORDOVA,              Case No.  18-cv-00367-JSW   (TSH)
8                    Plaintiff,
                                           **DISCOVERY ORDER**
9           v.
                                           Re: Dkt. No. 153
10    LAKE COUNTY, et al.,
11                   Defendants.
12
13          The parties have a discovery dispute concerning Plaintiff's second set of interrogatories
14    and second set of requests for production.  ECF Nos. 153, 155.  One point of disagreement is
15    whether Defendants waived their objections to this discovery by not responding on time.  Plaintiff
16    served the discovery requests by email, ECF No. 153-1, and Defendants say this was not sufficient
17    because the email went only to defense counsel and did not include his administrative assistant.
18    ECF No. 155.
19          Federal Rule of Civil Procedure 5(b)(2) says:
20          A paper is served under this rule by:
21          (A) handing it to the person;
22          (B) leaving it:
23                 (i) at the person's office with a clerk or other person in charge
                   or, if no one is in charge, in a conspicuous place in the office;
24                 or
25                 (ii) if the person has no office or the office is closed, at the
                   person's dwelling or usual place of abode with someone of
26                 suitable age and discretion who resides there;
27          (C) mailing it to the person's last known address—in which event
            service is complete upon mailing;
28

United States District Court
Northern District of California

(D) leaving it with the court clerk if the person has no known address;

(E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or

(F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

To determine if email service was valid under subsections (E) or (F), we need to know if Defendants consented to service by email. In the parties' joint case management conference statement at ECF No. 101, they stated: "The Parties have agreed that, if applicable, to serve and accept discovery requests and responses by email, which should be served on each Party's attorney of record and others as designated by the parties." This certainly seems like consent to service of discovery requests and responses by email. But look again at those last few words: "which should be served on each Party's attorney of record *and others as designated by the parties*." (emphasis added). The Court interprets this to mean that by default, service on each party's attorney of record is sufficient, unless the party has designated someone else who must also be copied on the email. Thus, we need to know whether Defendants designated defense counsel's administrative assistant (or some other person) who also must receive the discovery requests. If yes, then it seems the email service wasn't effective because it went only to defense counsel. But if no, then it seems the email service was just fine.

The Court **ORDERS** the parties to file a joint discovery letter brief not to exceed five pages no later than September 27, 2023, addressing whether Defendants designated someone other than defense counsel to receive discovery requests by email. The parties may attach any pertinent exhibits to the letter brief.

**IT IS SO ORDERED.**

Dated: September 22, 2023

THOMAS S. HIXSON
United States Magistrate Judge