UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DENNIS CORDOVA,<br><br>        Plaintiff,<br><br>    v.<br><br>LAKE COUNTY, et al.,<br><br>        Defendants. | Case No. 18-cv-00367-JSW   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 153, 157 |

Plaintiff moves to compel concerning his second set of requests for production ("RFPs") and his second set of interrogatories ("rogs"). ECF No. 153. The Court requested supplemental briefing concerning the validity of service, which the parties have provided. ECF Nos. 156, 157. The Court held a hearing this morning and now issues this order addressing the relevant issues.

**A.   Validity of Service**

Plaintiff served the discovery requests at issue by email. ECF No. 153-1. Was this valid service?

Federal Rule of Civil Procedure 5(b)(2) says:

> A paper is served under this rule by:
>
> (A) handing it to the person;
>
> (B) leaving it:
>
>> (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>>
>> (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>
> (C) mailing it to the person's last known address—in which event

>service is complete upon mailing;
>
>(D) leaving it with the court clerk if the person has no known address;
>
>(E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or
>
>(F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

To determine if email service was valid under subsections (E) or (F), we need to know if Defendants consented to service by email. In the parties' joint case management conference statement at ECF No. 101, they stated: "The Parties have agreed that, if applicable, to serve and accept discovery requests and responses by email, which should be served on each Party's attorney of record and others as designated by the parties." This certainly seems like consent to service of discovery requests and responses by email. But look again at those last few words: "which should be served on each Party's attorney of record *and others as designated by the parties*." (emphasis added). The Court interprets this to mean that by default, service on each party's attorney of record is sufficient, unless the party has designated someone else who must also be copied on the email.

The Court therefore ordered the parties to file a joint discovery letter brief addressing whether Defendants designated someone other than defense counsel to receive discovery requests by email. ECF No. 156. It appears undisputed that the answer is no. ECF No. 157 at 5 ("[C]ounsel for Plaintiff is also correct that no party separately 'designated others' in some separate pleading."). Accordingly, email service was valid.

**B.    Untimeliness and Waiver**

Plaintiff served the discovery requests on May 31, 3023. ECF No. 153-1. Defendants responded on August 3, 2023. ECF No. 153-3. This was untimely. Rules 33 and 34 require the responding party to serve its answers and any objections within thirty days from the day it was served with rogs or RFPs. Fed. R. Civ. Proc. 33(b)(2), 34(b)(2)(A). Under Rule 33, which governs rogs, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. Proc. 33(b)(4). While this language is not explicitly

2

replicated in Rule 34, "[i]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

Nonetheless, even though Defendants had no good cause to serve late responses, the Court has "broad discretion" to grant relief from waiver. *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999); *see also Klayman v. Judicial Watch, Inc.*, 2008 WL 11394178, *3 (D.D.C Jan. 16, 2008). Here, Plaintiff served the discovery requests at issue in the closing months of fact discovery in a case that has been pending for more than five years. Discovery has been ongoing for at least the last 21 months. *See* ECF No. 122 (discovery order dated February 3, 2022). Defendants served their responses to the current requests about five weeks late. Further, in part due to these requests, the district judge extended the fact discovery deadline an additional 27 days. ECF No. 160. Plaintiff does not articulate any prejudice from the late responses, and the Court is unable to see any given the length of time available to Plaintiff to take discovery in this action. Accordingly, the Court excuses Defendants' waiver.

**C. Merits**

Plaintiff moves to compel on rog 21 and RFPs 41, 42, 49 and 52.

Rog 21. Plaintiff's motion is **GRANTED IN PART AND DENID IN PART**. The rog is unbounded by time frame, which makes it overbroad. Plaintiff argues that he needs an answer for 2015-16, as well as 2017 to see if changes were made shortly after the events in this case. That seems reasonable. The Court **ORDERS** Defendants to amend their response to fully answer this rog for the 2015-17 time period, including stating who was notified to close the file and how this person was notified. Defendants shall serve the amended rog response within one week.

RFP 41. Plaintiff's motion is **GRANTED**. The Court **ORDERS** Defendants to produce within one week all non-privileged responsive documents that they have not yet produced.

RFP 42. Plaintiff's motion is **GRANTED**. The Court **ORDERS** Defendants to produce within one week all non-privileged responsive documents that they have not yet produced.

RFP 49. Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. Documents concerning the Chief Probation Officer's oversight and control over "training

3

probation officers" is overbroad and not targeted to the subject matter of this case. Accordingly, the Court **ORDERS** Defendants to produce within one week all documents referring, relating, or regarding the Chief Probation Officer's oversight and control over training probation officers on supervising an individual on PRCS, from 2015 through 2016, that they have not already produced.

RFP 52. Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. The RFP has no time period, which makes it overbroad. It is also overbroad in terms of subject matter with its unbounded reference to "information" that is provided to law enforcement databases. Accordingly, the Court **ORDERS** Defendants to produce within one week all documents regarding Lake County's commitment to provide accurate and up-to-date information concerning who is or is not on PRCS to law enforcement databases during 2015 and 2016 that they have not already produced.

**IT IS SO ORDERED.**

Dated: November 6, 2023

_____
THOMAS S. HIXSON
United States Magistrate Judge