UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DENNIS CORDOVA,<br><br>             Plaintiff,<br><br>      v.<br><br>LAKE COUNTY, et al.,<br><br>             Defendants. | Case No. 18-cv-00367-JSW  (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 167, 171, 173 |

The parties have discovery disputes concerning Plaintiff's requests for admission ("RFAs") and Plaintiff's Rule 30(b)(6) deposition notice to Defendant Lake County. ECF Nos. 167, 171, 173. The Court held a hearing on November 28, 2023 and now issues this order.

**A.    RFAs**

Let's start with the RFAs. Plaintiff is trying to get Defendant Lake County to admit that approximately 66 documents produced in the case are admissible at trial. Approximately 58 of them were produced by the County, seven were produced by the Lakeport Police Department, and one was produced by Plaintiff. For each document, Plaintiff served several RFAs (admit it's genuine, admit it was kept in the regular course of business, and so on), so this ended up being a lot of RFAs. The RFAs about the documents start at number 11 and go to 934. ECF No. 167-3. Based on the Court's review, it looks like the County admitted RFAs 387-91, 393-95, 399, 404 and 405. For all of the others, the County said: "Objection. Defendant has insufficient information or seeks information not maintained in the ordinary course of business, and on those bases, denies the request." The objection is ungrammatical, and the Court assumes the County meant to say: "Objection. Defendant has insufficient information, or this RFA seeks information not maintained in the ordinary course of business, and on those bases, denies the request."

These denials are improper. These RFAs are an attempt to determine if the County has any

1   legitimate basis to dispute the admissibility of the key evidence in this case.  This is a good, useful
2   form of discovery.  It promotes "the just, speedy, and inexpensive determination" of the action.
3   Fed. R. Civ. Proc. 1.  As a practical matter, it is not true that trials normally consist of custodians
4   of records testifying about the authenticity of documents or the manner in which documents are
5   maintained.  In most cases, nearly all questions about the admissibility of documents are worked
6   out ahead of time, and disputes are narrowed down to the ones that really matter.  Litigants rarely
7   object at trial on authenticity grounds unless they have a real reason to think the document is not
8   genuine.  Whether something is hearsay, or contains hearsay, is normally ascertainable simply by
9   reading the document.

10  For example, consider RFA 268: "Admit that document CORDOVA0050 is a copy of an
11  official record."  CORDOVA0050 was produced by the County.  The County's response to this
12  RFA, as with the others, is "Objection.  Defendant has insufficient information or seeks
13  information not maintained in the ordinary course of business, and on those bases, denies the
14  request."  This is not a sufficient response under Rule 36(a)(6).  The County has sufficient
15  information to determine whether a document it produced is a copy of an official record.  All of
16  the RFAs are like this one.  Even for the eight documents not produced by the County, it still has
17  sufficient information to answer the RFAs.  The seven documents produced by the police
18  department are a police report and police audio and video files.  The County can answer whether
19  these are copies of official records (e.g., RFA 764), self-authenticating (e.g., RFAs 765, 766),
20  contain statements of a public agency (e.g., RFA 767), and so on.  The denials based on
21  insufficient information are improper.  And for the medical records produced by the Plaintiff, the
22  County can answer the very basic questions Plaintiff has asked, such as whether they are self-
23  authenticating (RFA 914), make statements that describe medical history (RFA 915), fall within a
24  hearsay exception (RFA 917), and so on.  Again, the County's denials based on insufficient
25  information are improper.

26  Discovery is not a game, or at least it is not supposed to be a game.  There isn't the "real"
27  knowledge litigants have, informed by common sense and experience, that will dictate what they
28  object to or don't object to at trial, to be contrasted with an artificial lesser state of knowledge that

2

they use to respond to discovery requests.  Discovery responses are supposed to be based on real knowledge, not a contrived lack of knowledge.  The County is not allowed to broadly and falsely disclaim any ability to know anything about the admissibility of the documents produced in this case.  The County's hundreds of denials based on insufficient knowledge are themselves insufficient under Rule 36(a)(6).

And again, the Court has every expectation that, like in most cases, in this case the large majority of evidentiary issues will be worked out by the parties before trial.  Plaintiff has every right to ask the County to do this work now and not wait until the eve of trial.  This is a legitimate use of RFAs.  Remember:  We're just talking about 66 documents.  That's not a lot of work.  The County has sufficient information to answer these RFAs, and it doesn't matter if they seek information not maintained in the ordinary course of business.  Those are not proper bases for these denials.  The Court **GRANTS** Plaintiff's motion to compel and **ORDERS** the County to serve good faith responses within 30 days.

**B.      Rule 30(b)(6) Topics**

   **1.      Unbriefed Topics**

Plaintiff says in his discovery letter brief that he moves to compel on topics 4, 5, 6, 10-14, 18, 22, 23 and 25-32.  Plaintiff presents argument that topics 4, 5, 6, 13, 23, and 25-32 seek relevant information.  However, Plaintiff did not present any argument that topics 10, 11, 12, 14, 18 and 22 seek relevant information.  The Court finds that the discovery letter brief at ECF No. 171 failed to move to compel as to topics 10, 11, 12, 14, 18 and 22 by not including any discussion of the relevance of those topics.  Further, the close of fact discovery was November 16, 2023 (ECF No. 160), and the deadline to file any motions related to fact discovery expired on November 23, 2023.  Civil Local Rule 37-3.  Accordingly, the Court **DENIES** the motion to compel as to topics 10, 11, 12, 14, 18 and 22 because Plaintiff did not include any argument as to the relevance of those topics, and it is too late to do so now.

   **2.      Briefed Topics**

Topic 4 is not relevant or proportional to the needs of the case.  The topic broadly asks about the County's practices and policies related to the supervision of individuals on PRCS for the

3

1  last 12 years.  But this lawsuit concerns an alleged failure to update relevant records to show that
2  the Plaintiff was no longer on PRCS.  What is involved in supervising people on PRCS is not what
3  this case is about.  The same problem inheres in topics 5 and 6.
4      Topic 13 is relevant if we modify it slightly so that it reads as follows:  "Process by which
5  state and federal law enforcement databases (like NCIC and CLETS) are updated with information
6  concerning which individuals are on PRCS provided from the Lake County Probation Department
7  and/or its CMS from 2015 through 2016."  The County is mistaken that this topic is moot, as the
8  witness's testimony  ("I -- I can tell you what I -- the little I know; I mean, the little anybody in the
9  building knows.") does not show proper preparation for a 30(b)(6) witness.
10     For topic 23, the witness's testimony on pages 25 and 26 of the deposition demonstrates
11 sufficient preparation as a Rule 30(b)(6) witness on this topic.  The limitations in Kelly Morin's
12 memory do not mean that the deponent was under prepared; it looks like the deponent asked the right
13 person for what she could recall.
14     Topics 25, 26 and 27 are relevant to the excessive force claim against Deputy Clark.  Whether
15 responsive information is admissible at trial is for the District Judge to decide.  Topic 28 is relevant as
16 well, if limited to 2015-16.  The Court does not understand how a change in the use of force policy
17 concerning carotid holds that took place after the incident in question is relevant to the excessive force
18 claim against the Deputy, who by definition could not have been aware of policies that would come
19 into existence in the future.
20     Topics 29 and 30 are relevant.  Topics 31 and 32 are relevant if limited to 2015-16.

### 3. Conclusion

Accordingly, the Court **GRANTS** Plaintiff's motion to compel on the Rule 30(b)(6) deposition topics **IN PART** and **DENIES** it **IN PART** and **ORDERS** the County to produce a deponent on topics 25, 26, 27, 29 and 30, and on topics 13, 28, 31 and 32 as limited above.

**IT IS SO ORDERED.**

Dated: November 30, 2023

THOMAS S. HIXSON
United States Magistrate Judge

4