UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DENNIS CORDOVA,<br><br>Plaintiff,<br><br>v.<br><br>LAKE COUNTY, et al.,<br><br>Defendants. | Case No. 18-cv-00367-JSW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING ON DISCOVERY**<br><br>Re: Dkt. No. 189 |

Now before the Court is Defendant Lake County's ("Lake County") Motion for Reconsideration of Magistrate's Ruling on Discovery (the "Motion"). For the following reasons, the Court DENIES the Motion.

**BACKGROUND**

Plaintiff Ricardo Cordova ("Plaintiff") brings this action against Defendants Deputy Sheriff Aaron Clark ("Clark"), Lake County, and Does 1-50 for a number of alleged civil rights violations arising from an encounter between Plaintiff and Clark on the night of January 29, 2016. Plaintiff also sues two former Probation Officers with the Lake County Probation Department on the basis that they failed to update the Post Release Community Supervision ("PRCS") to accurately reflect that Plaintiff was no longer on probation. Plaintiff's claims include, among other things, excessive force in violation of 42 U.S.C. § 1983 by Clark and failure to train, supervise, and discipline by Lake County.

This case was referred to Magistrate Judge Hixson for discovery purposes. (Dkt. No. 115.) On November 9, 2023, the parties submitted a joint discovery letter wherein Plaintiff moved to compel Lake County to supplement its responses to Plaintiff's First Set of Requests for Admission to Lake County. (Dkt. No. 167.) On November 14, 2023, Plaintiff filed a second letter brief

seeking to compel Lake County to produce a witness to testify under Rule 30(b)(6) as to several categories to which Lake County had either objected or produced deficient testimony.

On November 28, 2023, Judge Hixson held a hearing with the parties to discuss the discovery letters. (Dkt. No. 178.) Following the hearing, Judge Hixson issued an order granting in part and denying in part Plaintiff's motions to compel further discovery. (Dkt. No. 179.) Lake County now seeks to have the Court vacate Judge Hixson's order and deny Plaintiff's motion in full.

## ANALYSIS

As Lake County acknowledges, a District Court's review of a Magistrate Judge's orders is governed by Federal Rule of Civil Procedure 72. (Dkt. No. 189, at 3.) Rule 72 provides that a party who objects to a Magistrate Judge's non-dispositive order may file objections within 14 days of service. Fed. R. Civ. P. 72(a). Judge Hixson issued the challenged order on November 30, 2023, but Lake County did not object until December 18, 2023—four days after the Rule 72 deadline. Lake County's untimeliness alone is reason to deny its Motion. *See id.* ("A party may not assign as error a defect in the order not timely objected to.")

Lake County's Motion fails on the merits as well. Under Rule 72(a), a district court may reconsider a magistrate judge's non-dispositive order "only if it is clearly erroneous or contrary to law." *Jones v. PGA TOUR, Inc.*, -- F. Supp. 3d --, 2023 WL 2843489, at *3 (N.D. Cal. 2023) (quoting *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022)). In evaluating an order under the "clearly erroneous or contrary to law" standard, the Court does not consider whether it may have "weighed differently the various interests and equities," but instead only whether the order is contrary to the law. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Lake County has not shown that the discovery order was contrary to the law.

**A.  Lake County's Objection that Judge Hixson Did Not Consider Whether the Parties Sufficiently Met-and-Conferred Prior to Filing the Discovery Letters.**

Lake County first contends that Judge Hixson committed clear error by failing to consider whether the parties sufficiently met and conferred prior to filing the discovery letters. Lake County provides no authority for the proposition that Judge Hixson was required to provide a

2

1   written order regarding each and every one of Lake County's arguments.  Nor does Lake County
2   provide authority for the proposition that a court must deny a request for relief because the non-
3   moving party was unsatisfied with the meet-and-confer process.
4        Lake County raised its objection in the discovery letters, and it had the opportunity to do so
5   again at the hearing with Judge Hixson.  The Court will not find a clear error merely because the
6   objection was not addressed in the written order.

### B.   Lake County's Objection to the Order to Respond to the RFAs.

Lake County's second objection does not hold water.  Judge Hixson ordered Lake County to provide good faith responses to Plaintiff's Requests for Admission regarding the authenticity of 66 documents at issue in the litigation.  Lake County argues that Judge Hixson improperly questioned the validity of its denials, which a court may not do.  *See Landreth v. Lehil*, 2023 WL 2480644, at *6 (E.D. Cal. Mar. 13, 2023) (finding response, "Without waiving any objections, the responding party denies the request[,]" to comply with Rule 36); *Owens v. Degazio*, 2019 WL 4929812, at **4-5 (E.D. Cal. Oct. 7, 2019) (finding response sufficient where party seeking to compel further response attempted to get nonmoving party to admit to a negative, and where nonmoving party provided response explaining her position).

For each of the challenged responses, Lake County answered as follows: "Objection. Defendant has insufficient information or seeks information not maintained in the ordinary course of business, and on those bases, denies the request."  Judge Hixson noted that this form response does not make sense as provided by Lake County and ruled on the assumption that Lake County intended to say: "Objection.  Defendant has insufficient information, or this RFA seeks information not maintained in the ordinary course of business, and on those bases, denies the request."  (Dkt. No. 179, at 1.)  This is not the "specific denial" contemplated by Rule 36(a)(4). Indeed, Rule 36(a)(4) states that a denial "must fairly respond to the substance of the matter." Judge Hixson reasonably found that Lake County's denials did not.

Lake County's responses to Plaintiff's RFAs differ from those offered in *Landreth* and *Owens*.  Unlike the responding party in *Landreth*, which provided a straight denial, *see* 2023 WL 2480644, at *6 ("the responding party denies the request"), Lake County's responses stated that it

3

lacked sufficient information to respond to the RFAs and denied the RFAs on that basis. Further, unlike the responding party in *Owens*, which provided a detailed response to an apparently trick question, 2019 WL 4929812, at **4-5, Lake County here refused to provide a simple response to straightforward authentication questions. The order to Lake County to provide good faith answers to the RFAs was not contrary to the law.

### C. Lake County's Request for a Protective Order.

Lake County's last objection to the order to respond to the RFAs is the sheer number of the RFAs. Plaintiff submitted over 900 RFAs. Despite Lake County's assertion to the contrary, Judge Hixson directly addressed the large volume of RFAs at issue. This Court cannot say that Judge Hixson's determination that the number of RFAs was reasonable was a "clear error" where all of the RFAs were related to authenticating documents at issue in the case. Use of RFAs to authenticate documents promotes judicial efficiency by reducing unnecessary objections to foundation at trial.

### D. Lake County's Objection to Order to Produce 30(b)(6) Witness on 9 Categories.

Lake County objects to the order to produce a 30(b)(6) witness to provide further testimony on nine topics to which Lake County objected or for which Judge Hixson determined the witness was underprepared. Lake County fails to identify clear error.

#### 1. Category 13.

Lake County takes issue with Judge Hixson's determination that the prefatory statement, "I'll tell you what little I know," by Lake County's 30(b)(6) witness indicated that the witness was underprepared to testify regarding that topic. Lake County asserts that it possesses little responsive information or that the topic seeks information that is not within its possession or control.

Lake County does not demonstrate that it adequately prepared its witness or that it does not possess relevant information. Lake County should be in possession of information regarding the process, if any, by which the information it provides to state and federal law enforcement databases is updated.

### 2. Categories 25-27.

Lake County argues that this category is irrelevant and vague, and that Judge Hixson committed clear error by failing to address its objections. The Court disagrees.

This category is relevant to Plaintiff's claim for failure to supervise, train, or discipline. The word "complaints" is not so vague as to be incomprehensible and preparation "unworkable."

Lake County claims that its arguments as to Categories 26 and 27 are the same as to Category 25. Both of those categories seek information regarding Defendant Clark's disciplinary history. The Court rejects Lake County's arguments on the same bases.

### 3. Category 28.

Lake County argues that testimony relating to its use of force policy is irrelevant and vague, and so inclusion of this category is clear error. This argument has no merit.

The use of force policy is directly relevant to Plaintiff's claim for failure to supervise, train, or discipline. "Use of force policies" is not a vague term, and Lake County should be able to prepare a witness to testify regarding its policies, if any.

### 4. Categories 29 and 30.

These categories seek testimony from Lake County regarding the incident between Plaintiff and Defendant Clark. This testimony is directly relevant to Plaintiff's claim for failure to supervise, train, or discipline. The categories are clear enough to enable Lake County to prepare a 30(b)(6) witness to testify as to Lake County's knowledge of the incident and its investigation, if any, into the same.

### 5. Category 31.

Lake County argues that this category is redundant as to Category 14 and seeks information not in its control. Judge Hixson limited the category to years 2015-2016. Lake County does not explain how Judge Hixson's order constituted clear error. Lake County should be able to produce a witness to testify regarding this category.

### 6. Category 32.

Lake County argues that this category is irrelevant. This argument has no merit. Lake County's policies regarding investigation of allegations of excessive force, including policies

5

relating to disciplinary action, are directly relevant to Plaintiff's claim for failure to supervise, train, and discipline.

## CONCLUSION

For the foregoing reasons, Lake County's Motion for Reconsideration of Magistrate's Ruling on Discovery is DENIED.

**IT IS SO ORDERED.**

Dated: January 4, 2024

_____
JEFFREY S. WHITE
United States District Judge