UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DENNIS CORDOVA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAKE COUNTY, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-00367-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING AS MOOT, IN PART, MOTION TO DISMISS**<br><br>Re: Dkt. No. 194 |

Now before the Court for consideration is the motion to dismiss filed by former Lake County Chief Probation Officer Rob Howe ("Howe") and former Lake County Probation Officer Jose Martinez ("Martinez"). The Court has considered the parties' papers, relevant legal authority, and the record in this case and HEREBY GRANTS, IN PART, AND DENIES AS MOOT, IN PART the motion.[1]

**BACKGROUND**

**A.    Procedural History.**

On January 17, 2018, Plaintiff Richard Dennis Cordova ("Cordova"), acting *pro se*, filed the original complaint, and on July 18, 2018, filed a first amended complaint ("FAC"), asserting claims against Lake County Deputy Sheriff Aaron Clark ("Clark") and the County pursuant to 42 U.S.C. section 1983. The facts giving rise to his claims stem from Clark's arrest of Cordova on January 29, 2016 and the failure to update a system containing information about individuals on

---

[1]    Defendants also moved to dismiss Cordova's claims to the extent they were based on violations of the Fourteenth Amendment. Cordova clarified in his opposition that he is only pursuing claims based on alleged violations of his right under the Fourth Amendment to be free from excessive force. Accordingly, the Court denies, in part, the motion as moot.

Post Release Community Supervision ("PRCS"), which the Court will discuss in the following section.

Defendants moved to dismiss. The Court granted the motion, in part, finding that Cordova's claims for false arrest were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court also concluded that Cordova's claim for excessive force against Clark and the County could proceed. (Dkt. No. 46.) Defendants answered and subsequently moved for summary judgment. The Court determined there were triable issues of fact about whether the force Clark used on Cordova became unreasonable. *See Cordova v. Lake County*, No. 18-cv-367-JSW, 2020 WL 13786613, at *3-4 (N.D. Cal. June 10, 2020). The Court also concluded that there were triable issues of fact on the *Monell* claim against the County:

> The County is correct that there is no evidence of a policy or practice in the County that was the moving force behind the use of force against [Cordova]. A fact-finder could, however, reasonably determine that the County's delay in updating its database was part of its regular practice or policy for maintaining that database. The County does not submit evidence of any policies or procedures for how it maintained the database, let alone that it ordinarily updated it more frequently. Absent such evidence, a fact-finder could reasonably presume that the delay in updating Plaintiff's status in the database was the County's ordinary practice for how infrequently such updates were entered. Therefore, there is a triable issue as to whether the County policies or practices regarding the database caused a violation of Plaintiff's constitutional rights.

*Id.* at *5.

After an unsuccessful settlement conference, the Court appointed counsel for Cordova. The parties attended a further settlement conference but were unable to resolve the matter. On June 1, 2023, the Court entered a scheduling order and set a deadline of October 27, 2023 for the parties to file amended pleadings. (Dkt. No. 152.)

Cordova filed his Second Amended Complaint on October 27, 2023, which added the claims against Martinez and Howe.[2]

---

[2] Cordova alleges that Martinez was "acting under the color of law in his official capacity as a Lake County probation officer[.]" (SAC ¶ 65.) The County moved to dismiss this claim on the basis that it failed to sufficiently allege liability under *Monell*. In his opposition, Cordova clarifies that he is suing Martinez in his individual capacity, and the Court analyzes the claim as an individual capacity claim.

2

B.     **Factual Background.**

Cordova alleges Clark arrested him "under the erroneous belief that [Cordova] was then subject to warrantless searches because he was on" PRCS.  (SAC ¶ 6.)  *See also* Cal. Pen. Code § 3453(f).  "However, [Cordova]] had been discharged from PRCS on December 10, 2015" by Martinez.  (*Id.* ¶¶ 6, 63.)  According to Cordova, Martinez failed to fill out "the requisite PRCS termination form and … submit the form to the appropriate clerical staff, who would then update [Cordova's] status to 'terminated'" in a computer system used by law enforcement officers.  (*Id.* ¶65; *see also id.* ¶¶ 48-49.)  Cordova alleges that because Clark relied on the incorrect information in the system and tried to search Cordova, the altercation giving rise to the claim for excessive force ensued.  Cordova alleges that Howe failed to enact any policies or procedures to train probation officers on the system or how to ensure the system was updated on a timely and accurate basis.  (*Id.* ¶¶ 45-57.)

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

A.     **Applicable Legal Standards.**

A court's inquiry under Rule 12(b)(6) "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff."  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

If the allegations are insufficient to state a claim, a court should grant leave to amend unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus. Inc.*, 912 F.3d 291, 296 (9th

1  Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th
2  Cir. 1990).

### B. The Court Dismisses the Claims Against Martinez and Howe.

Martinez and Howe raise several arguments in support of their motion to dismiss, including that qualified immunity applies. Because the Court finds that argument dispositive, it does not address their remaining arguments.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate any clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).[3] The privilege is an immunity from suit rather than a mere defense to liability. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Therefore, the Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). To analyze qualified immunity, a court engages in a two-prong inquiry, asking whether a constitutional right has been violated and whether that right was "clearly established." *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009); *see also City and Cnty. of San Francisco*, -- U.S. --, 135 S.Ct. 1765, 1774, (2015) (immunity applies if a public official "violated a statutory or constitutional right that was clearly established at the time of the challenged conduct").

Cordova alleges that Howe and Martinez violated his Fourth Amendment right to be free from excessive force because they failed to update the County's system to reflect that Martinez had determined it was appropriate to terminate Cordova from PRCS. Whether a right is "clearly established" depends on whether the "contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* Courts may choose which prong of this analysis to

---

[3] Cordova argues he had a statutory right to be terminated from supervised release but he bases his injury on his constitutional right to be free from excessive force.

address first. *See Pearson*, 555 U.S. at 236-39. Examining the second prong first may "expedite the resolution of the case" because the second prong may be decided as a matter of law. *Morales v. Fry*, 873 F.3d 817, 822-23 (9th Cir. 2017).

Although Cordova has a right to be free from excessive force, the Court must consider whether the contours of that right were clearly established "in light of the specific context of the case, [and] not as a broad general proposition." *Saucier*, 533 U.S. at 201. A right is "clearly established" "[i]f the only reasonable conclusion from binding authority were that the disputed right existed," such that government officials "would be on notice of the right and would not be qualifiedly immune if they acted to offend it." *Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997). The fact that no case has found a constitutional violation under the exact circumstances alleged does not imply that the right is not clearly established. *Id.* "[T]here can be the rare obvious case, where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances." *City of Escondido v. Emmons*, 586 U.S. --, 139 S.Ct. 500, 504 (2019) (internal quotations and citation omitted).

In light of the right at issue, and considering that neither Howe nor Martinez were present at the time Clark allegedly used excessive force, the Court concludes the facts presented here fall short of making Howe's and Martinez's liability "obvious." *Compare Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1083-84 (9th Cir. 2013) (finding case "obvious" despite the lack of on-point precedent because detention of witnesses for investigatory purposes was not minimally intrusive where witnesses were detained for hours and crime was solved). The Court concludes that Howe and Martinez are entitled to qualified immunity. Because the Court concludes that amendment would be futile, it dismisses the claims against them, with prejudice.

**IT IS SO ORDERED**.

Dated: March 29, 2024

JEFFREY S. WHITE
United States District Judge